IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOM SHIRAISHI, | ) | CV. NO. 11-00323 JMS-BMK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | REMAND BE DENIED; ORDER |
| FLORENCE NAKAKUNI, | ) | THAT THE UNITED STATES BE |
| | ) | SUBSTITUTED AS THE |
| Defendant. | ) | DEFENDANT IN THE ACTION |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED; ORDER THAT THE UNITED STATES BE SUBSTITUTED AS THE DEFENDANT IN THE ACTION

Before the Court is pro se Plaintiff Thom Shiraishi's ("Plaintiff") Motion for Remand. (Doc. # 8.) Pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing. Accordingly, the Court VACATES the hearing on the motion, which is set for July 15, 2011. After careful consideration of the parties' submissions and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

BACKGROUND

Plaintiff filed this action against Defendant Florence Nakakuni ("Defendant") in the Circuit Court of the First Circuit, State of Hawaii ("state

court") on May 5, 2011. (Doc. # 1 Ex. A.) Plaintiff's complaint alleges that at all times relevant to this action, Defendant was an employee of the United States Department of Justice. (See Compl. ¶ 2.) Plaintiff's claims appear to arise from a civil foreclosure action filed in 1985, in which Defendant represented the United States in her official capacity as an Assistant United States Attorney for the District of Hawaii. (See Opp'n at 2; see also Compl. ¶¶ 5, 6.) Plaintiff's complaint alleges that Defendant violated the Constitution and laws of the United States. (See Compl. ¶¶ 3, 4, 8, 9, 22.)

On May 19, 2011, Defendant removed the action from state court to this Court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442, and the Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, 28 U.S.C. § 2679 ("Westfall Act"). (Notice of Removal ¶ 3.) Invoking the Westfall Act, the acting United States Attorney General for the District of Hawaii ("acting Attorney General") certified that "[Defendant] was acting within the course and scope of her employment as an Assistant United States Attorney[ ] . . . at the time of the conduct alleged in the [c]omplaint." (Enoki Certification ¶ 3.) Based upon such certification, Defendant requested that, pursuant to the Westfall Act, the action be deemed an action against the United States. (See Notice of Removal ¶¶ 11, 12.) On May 25, 2011, Plaintiff

moved for remand. (Doc. # 8.)

## DISCUSSION

Defendant argues that removal was proper pursuant to the Federal Officer Removal Statute and the Westfall Act. (Opp'n at 1-2.) The Federal Officer Removal Statute provides, in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). The purpose of the statute "is to protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Federal Government 'acting . . . within the scope of their authority.'" Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 150 (2007) (quoting Willingham v. Morgan, 395 U.S. 402, 406 (1969)) (alterations in original). The Supreme Court has held

that "the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" Arizona v. Manypenny, 451 U.S. 232, 242 (1981) (quoting Willingham, 395 U.S. at 407).

A party seeking removal pursuant to § 1442(a)(1) must demonstrate that: (1) she is a "person" within the meaning of the statute; (2) "there is a causal nexus between [her] actions, taken pursuant to a federal officer's directions, and plaintiff's claims;" and (3) she can assert a "colorable federal defense." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (citations and some internal quotation marks omitted).

In this case, the Court concludes that the foregoing requirements are satisfied. First, as Plaintiff acknowledges, Defendant was at all times relevant to this action, a federal officer employed by the United States Department of Justice. (See Compl. ¶ 2; Notice of Removal ¶ 4.) Specifically, Defendant was employed as an Assistant United States Attorney. (See Compl. ¶¶ 2, 5; Enoki Certification ¶ 3.) Second, the acting Attorney General has certified that Defendant was acting within the course and scope of her official duties at the time of the incident out of which Plaintiff's claims arose. (See Enoki Certification ¶ 3.) Third, Defendant, in her opposition to Plaintiff's Motion for Remand, maintains that she will assert a

number of colorable federal defenses, including, but not limited to, res judicata or collateral estoppel, statute of limitations, sovereign immunity, and absolute and qualified immunity. (Opp'n at 6-7.)

Defendant also argues that removal was proper pursuant to the Westfall Act. (Id. at 7-9.) The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229 (2007). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose.'" Id. at 229-30 (quoting 28 U.S.C. § 2679(d)(1), (2)). Section 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, ***any civil action or proceeding commenced upon such claim in a State court shall be removed*** without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. ***This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of***

5

***removal.***

28 U.S.C. § 2679(d)(2) (emphases added). In <u>Osborn</u>, 549 U.S. at 231, the Supreme Court made clear that on the issue of jurisdiction, "the Attorney General's certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." The Supreme Court noted that "if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect[,]" § 2679(d)(2) "does not preclude a district court from resubstituting the federal official as defendant for purposes of trial . . . ." <u>Id.</u> at 242 (emphasis omitted).

In this case, Defendant removed the action pursuant to § 1442(a)(1), as well as § 2679(d)(2). (Notice of Removal ¶ 3.) Pursuant to § 2679(d)(2), the acting Attorney General certified that "[Defendant] was acting within the course and scope of her employment as an Assistant United States Attorney[ ] . . . at the time of the conduct alleged in the [c]omplaint." (<u>See</u> Enoki Certification ¶ 3.) Based upon such certification, the Court concludes that removal was proper and that § 2679(d)(2) precludes a remand to the state court. <u>See</u> <u>Osborn</u>, 549 U.S. at 243 ("Section 2679(d)(2) is operative when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum. At that point,

§ 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court.") Accordingly, this action is deemed to be an action brought against the United States. See 28 U.S.C. § 2679(d)(2). The Court therefore orders that the United States be substituted as the party Defendant. See id.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Motion for Remand be DENIED. Additionally, the Court ORDERS that the United States be substituted as the Defendant in the action. The hearing on Plaintiff's Motion for Remand, which is set for July 15, 2011, is VACATED.

IT IS SO FOUND AND RECOMMENDED AND ORDERED.

DATED: Honolulu, Hawaii, July 12, 2011



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Thom Shiraishi v. Florence Nakakuni, CV. NO. 11-00323 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED; ORDER THAT THE UNITED STATES BE SUBSTITUTED AS THE DEFENDANT IN THE ACTION.