IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOM SHIRAISHI, | ) CIVIL NO. 11-00323 JMS |
| Plaintiff, | ) ORDER ADOPTING MAGISTRATE |
| vs. | ) JUDGE'S FINDINGS AND<br>) RECOMMENDATION THAT<br>) PLAINTIFF'S MOTION FOR |
| UNITED STATES OF AMERICA, | ) REMAND BE DENIED, AND<br>) AFFIRMING ORDER THAT THE |
| Defendant. | ) UNITED STATES BE SUBSTITUTED<br>) AS THE DEFENDANT IN THE<br>) ACTION |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED, AND AFFIRMING ORDER THAT THE UNITED STATES BE SUBSTITUTED AS THE DEFENDANT IN THE ACTION

### I. INTRODUCTION

On July 12, 2011, United States Magistrate Judge Barry Kurren issued a Findings and Recommendation ("F&R") that Plaintiff Thom Shiraishi's ("Plaintiff") Motion for Remand be denied. Magistrate Judge Kurren also ordered the United States to be substituted as Defendant in place of Florence Nakakuni ("Nakakuni"). Plaintiff has filed objections under Local Rule ("LR") 74.2 and 28 U.S.C. § 636(b)(1) to the F&R regarding his Motion for Remand, and also appeals the Order substituting the United States. Based on the following, the Motion for Remand is DENIED and the United States is substituted as the Defendant.

## II. **BACKGROUND**

This action was removed from the First Circuit Court, State of Hawaii, on May 19, 2011 by Nakakuni. Nakakuni was sued in her capacity as an employee of the United States Department of Justice -- she is a former Assistant United States Attorney, and is now the United States Attorney for the District of Hawaii. Doc. No. 1-1 ¶ 2. On May 25, 2011, Plaintiff filed a Motion for Remand. Doc. No. 8. The matter was referred to Magistrate Judge Kurren under LR 72.4 and 28 U.S.C. § 636(b).

On July 12, 2011, Magistrate Judge Kurren made findings and recommended that the Motion for Remand be denied, and separately ordered that the United States be substituted as Defendant in place of Nakakuni. Doc. No. 24. On July 18, 2011, Plaintiff filed his Objections to the F&R. Doc. No. 25. In his Objections, Plaintiff argues that it was "misconduct to order that the United States be substituted as the Defendant in the action, when the Defendant's attorneys did not file a Notice of Substitution[.]" *Id.*

The court recognizes that Magistrate Judge Kurren recused himself from this case on July 25, 2011. Doc. No. 28. This recusal likely resulted from Plaintiff naming Magistrate Judge Kurren as a Defendant in a state court case on July 25, 2011. This recusal, however, is not grounds for vacating Magistrate Judge

Kurren's prior rulings in this matter, where the basis of recusal occurred after those rulings were made. *See, e.g.*, *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989) ("[N]othing in the language or history of [28 U.S.C. § 455(a) ] suggests that the statute affects the validity of orders the judge made before he recused himself[.]"); *cf. Davis v. Xerox*, 811 F.2d 1293, 1296-97 (9th Cir. 1987) (concluding that "it is not necessary to vacate the rulings made by the first judge" where judge was not aware of financial interests that necessitated recusal when prior rulings were made). Nevertheless, the court has reviewed anew all prior pleadings in this matter, has considered all issues de novo, and makes its decision here as if the Motion for Remand had not been referred. That is, the court is reviewing all matters as if initially brought before it, not Magistrate Judge Kurren. The matter is suitable under LR 7.2(d) for decision without an oral hearing.

### III. <u>DISCUSSION</u>

**A. Motion for Remand**

Defendant removed this action on two grounds, 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679. Upon de novo review, the court concludes that both statutes provide a basis for removal here. There are no grounds for remand.

28 U.S.C. § 1442 provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

This action falls squarely within § 1442(a)(1). Under the Complaint, Nakakuni was at all times acting as a federal officer employed by the United States Department of Justice. Doc. No. 1-1 ¶ 2. She was acting within the course and scope of her official duties as an Assistant United States Attorney during the time alleged in the Complaint. *See* Doc. No. 1-2 ¶ 3. She is asserting a "colorable federal defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (setting forth requirements for removal under § 1442(a)(1)). The right of removal under these circumstances "is absolute for conduct performed under color of federal office[.]" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

> Likewise, 28 U.S.C. § 2679(d)(2) provides:
>
> Upon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

As with § 1442(a), this action easily meets the terms of § 2679(d)(2). The acting United States Attorney for the District of Hawaii[1] has certified that Nakakuni "was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose." *Id.*; *see* Doc. No. 1-2 ¶¶ 1, 3. This certification "conclusively establish[es] scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). After such certification, the action

---

[1] Under 28 C.F.R. § 15.4, "[t]he United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of [her] office or employment with the Federal Government at the time of the incident out of which the suit arose" for purposes of removal and defense of suits. First Assistant United States Attorney Enoki is appropriately acting as United States Attorney for the District of Hawaii in this case under 28 U.S.C. § 515, given that Nakakuni is named as Defendant.

"*shall* be removed [from State court] . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." *Id*. (emphasis added). Accordingly, removal was proper under § 2679(d)(2) and remand is precluded. *See Osborn v. Haley*, 549 U.S. 225, 243 (2007) ("Section 2679(d)(2) is operative when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum. At that point, § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court.").

**B.     Substitution of the United States for Nakakuni**

Reviewing the matter de novo, it follows from certification under § 2679(d)(2) by the Attorney General -- here, the acting United States Attorney for the District of Hawaii, Doc. No. 1-2 ¶ 1 -- that the United States should be substituted as the Defendant in place of Nakakuni. "Under [§ 2679(d)(2)], certification is prima facie evidence that a federal employee was acting in the scope of [her] employment at the time of the incident." *U-Haul Int'l, Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010) (citations omitted). Unlike for purposes of removal, certification is not conclusive regarding the substitution of the federal government. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431-35 (1995). Nevertheless, under the statute's plain terms, the action "shall be

deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). A "notice of substitution" by Defendant was not required (as Plaintiff argues) for this substitution to occur; substitution was allowed by the statute.[2] Given the allegations in the Complaint, the United States is substituted as the Defendant in place of Nakakuni.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Remand is DENIED, and the United States is substituted as the Defendant in the Action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 27, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Shiraishi v. United States of America*, Civ. No. 11-00323 JMS, Order Adopting Magistrate Judge's Findings and Recommendation That Plaintiff's Motion for Remand Be Denied, and Affirming Order That the United States Be Substituted as Defendant in the Action

---

[2] If the court later determines that an employee acted outside the scope of employment -- a circumstance not specifically alleged here -- the employee can be re-substituted as defendant. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 425-29 (1995).